UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| WILLIE WILLIAMS, | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| v. | ) | Case No. | CV616-063 |
| | ) | | CR614-001 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## ORDER

This case implicates the prison mailbox rule, if not also perjury law. Willie Williams moves for 28 U.S.C. § 2255 relief. Doc. 125. On November 7, 2014, he pled guilty to and was convicted of violating 18 U.S.C. § 1029(a)(4) (possession of device-making equipment with intent to defraud). CR614-001, doc. 111 at 1; doc. 112 at 2 (Judgment imposing 99-month sentence).[1] He waived his right to direct and collateral appeal (doc. 111 at 2) and, unsurprisingly, took no appeal.

Instead, he has filed the instant motion challenging his sentence, contending that "the Court presented a substantial error when it

---

[1] All citations are to the CR614-001 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

imposed a 99 months [sic] sentence outside of Mr. Williams [sic] guideline range of 70-87 months guideline range sentence." Doc. 125 at 13. The Court is preliminarily reviewing the motion under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255.

On its face the motion beckons a timeliness examination under 28 U.S.C. § 2255(f)(1)'s one-year limitations period. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Williams had 14 days from the October 7, 2014 entry of the judgment against him to file his notice of appeal (*i.e.*, until October 21, 2014). Since he filed no appeal, his conviction became final on November 4, 2014. *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) ("In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. . . . For federal prisoners, the time for filing a direct appeal expires [fourteen] days after the written judgment of conviction is entered on the criminal docket."); *see also Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003) (a judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired), cited in *Garcia-Valenzuela v. United States*, 2014 WL 1379540 at * 3 (N.D. Ga. Apr. 8, 2014).

Williams' § 2255 motion arrived at this Court on May 31, 2016. Doc. 125. That's way late. But he declared under penalty of perjury -- and cited 28 U.S.C. § 1746 -- that he placed his § 2255 motion in the mail on January 1, 2015. Doc. 125 at 18. If that's true, then the motion is timely filed. To prevent casual back-dating, the Court's § 2255 form questions movants like Williams whether they met § 2255(f)'s one-year limitations period *and* compels them to sign their name, affirming their answer, under penalty of perjury. Williams wrote (in raw, unedited form) "§ 2255 U.S.C. § 2255 file on 1/1/15 timely." Doc. 125 at 10. He also wrote "January 1, 2015" above his signature on the Certificate of Service at the end of his § 2255 filing. *Id.* at 18.

Yet, the prison mail-receipt stamp on his § 2255 motion's mailing envelope shows that it was processed out of that facility many months later -- on May 26, 2016. Doc. 125-1. This Court's Clerk evidently received it just days after that (the Clerk's office docketed it on May 31, 2016. Doc. 125). Those dates otherwise show that the § 2255 motion is time-barred.

Something's amiss. The law sorts things like this out by erecting a presumption of mailing: "Under the 'prison mailbox rule,' a *pro se*

3

prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing, which, absent evidence to the contrary, is presumed to be the date executed. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)." *Lawson v. Thomas*, 2015 WL 9703422 at * 2 n. 1 (N.D. Ala. Dec. 17, 2015); *Natson v. United States*, 494 F. App'x 3, 4 (11th Cir. 2012). Williams literally cites *Houston* and the "Mailbox Rule" on his § 2255 motion's Certificate of Service page. Doc. 125 at 18.

So, the Court must presume that he filed his § 2255 motion on January 12, 2015, which makes it timely filed under § 2255(f)(1). "The burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing *Washington*, 243 F.3d 1301). The Court will give it that chance.

But it is worth noting how easy it is for a petitioner to simply lie about when he placed his §2255 motion in his prison's mail system. That warrants a reminder that perjury is not tolerated here:

> [L]ying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion, was "material" for purposes of

4

perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D.Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at *2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D.Ga.2012).

*Mingo v. United States*, 2014 WL 4926278 at *1 n. 3 (S.D.Ga. Oct.1, 2014). Nothing, for that matter, prevents Williams from voluntarily withdrawing his § 2255 motion ahead of the Government's response, which is due 30 days from the date this Order is served.[1]

**SO ORDERED**, this  6th  day of June, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In *Mingo*, the Court considered defense counsel's affidavit about a matter before the Court. Counsel swore to facts adverse to § 2255 movant Mingo. *Mingo*, 2014 WL 4926278 at * 1. The Court directed Mingo to rebut that and provided him with a § 1746 Declaration form. It also warned him that it would tolerate no perjury. Rather than comply, he moved to dismiss his case, and it was promptly granted. *Mingo v. United States*, CR612–018, docs. 1082, 1083 & 1088 (S.D. Ga. 2014); *see also Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) (also ordering supplemental statements subject to perjury).